IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEE ANDREW PAIGE, JR.,** Inmate **#B82276,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| **MEARL J. JUSTUS, DR. VIRGIL SHAH, T.J. COLLINS, DONNA BRAMLETT, NURSE SUBRINA, TRACY B,** and **NURSE CINDY,** | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

CIVIL NO. 06-902-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a prisoner proceeding *pro se*, has filed an Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 together with a civil action pursuant to 42 U.S.C. § 1983.  However, Plaintiff has not submitted a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by § 1915(a)(1).  Plaintiff has submitted to the Court trust fund account statements for March through December of 2005 and for January through April 2006, but he has specifically not provided trust fund account statements for the six-month period preceding the filing of the complaint as required in the statute.

**IT IS HEREBY ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint.  Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's

responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court. Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

    **IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

    **IT IS SO ORDERED.**

    **DATED:  November 27, 2006**

    /s/   David   RHerndon
    **DISTRICT JUDGE**