## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE ANDREW PAIGE, JR., Inmate )<br>#B82276, )<br> )<br>    **Plaintiff,** )<br> )<br>**vs.** )<br> )<br>MEARL J. JUSTUS, DR. VIRGIL SHAH, )<br>T.J. COLLINS, DONNA BRAMLETT, )<br>NURSE SUBRINA, TRACY B, and )<br>NURSE CINDY, )<br> )<br>    **Defendants.** ) | CIVIL NO. 06-902-DRH |

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

   Plaintiff, a former inmate in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

### IN FORMA PAUPERIS

   This action is before the Court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). The Court finds that Plaintiff, an inmate currently incarcerated in the Graham Correctional Center, is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed *in forma pauperis* is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 4.75**.  *See* 28 U.S.C. § 1915(b)(1).  The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2.     Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3.     The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at the Graham Correctional Center ***upon entry of this Memorandum and Order***.

THRESHOLD REVIEW

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

- 2 -

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

### *Factual Allegations*

Plaintiff states that while housed in the St. Clair County Jail, he was bitten by a spider. He was treated at the jail infirmary. Defendants Shah, Bramlett, and Nurse Cindy lanced the spider bite, causing Plaintiff so much pain that he cried and screamed, and asked for pain medication. Plaintiff states that he was given Tylenol 3 for the pain, but that the medication did not help. Plaintiff also states that he was taken to St. Mary's Hospital in East St. Louis, Illinois, for treatment of the bite. When he returned to his cell from the infirmary, he found another bump under his left arm and asked both Defendants Bramlett and  Nurse Subrina to look at the new bump, but neither defendant did anything to help Plaintiff. Plaintiff put in a sick call request, but was not allowed to see the doctor for twelve days, during which time he was in extreme pain. After twelve days, Plaintiff saw Defendant Shah, who gave him no pain medication or other medical treatment.

In his factual narrative, Plaintiff gives no dates on which these events occurred. In an affidavit submitted twelve days after the complaint was filed, however, Plaintiff indicates that he was housed at the jail from September 20, 2000, to April 26, 2001. The Court also takes judicial notice of the fact that Plaintiff originally raised this claim in another action in this District. *See Paige v. Cobb*, Case No. 01-cv-14-DRH (S.D. Illinois, filed January 5, 2001). The claim was dismissed without prejudice on December 7, 2001, because Plaintiff failed to name any defendants who were responsible for his care; Plaintiff was allowed to proceed on other unrelated counts of the complaint.

### *Legal Standards*

- 3 -

Section 1983 provides a private remedy for protecting constitutional rights.  *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994).  "Section 1983 'is not itself a source of substantive rights' but merely provides a 'method for vindicating federal rights elsewhere conferred.'"  *Albright*, 114 S.Ct. at 811 (emphasis added) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  In a Section 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations.  *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006).  Illinois law provides a two-year statute of limitations for personal injury actions.  735 ILCS 5/13-202. Therefore, Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).  Federal law, however, governs the accrual of such claims.  *Kelly*, 4 F.3d at 511.

A Section 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated."  *Kelly*, 4 F.3d at 511.  The Seventh Circuit has set forth a two-part test to determine the accrual of claims.  "First a court must identify the injury.  Next, it must determine the date on which the plaintiff could have sued for that injury."  *Savory*, 469 F.3d at 672, *citing Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004).  The date upon which the plaintiff could have sued for the injury is the date that the plaintiff knew or should have known that his constitutional rights had been violated.  *Id.*

In this case, the incident in question happened at some time between September 2000, and April 2001, and must have occurred prior to January 5, 2001, the date upon which Plaintiff originally filed this claim in federal court.  Thus his Section 1983 action should have been filed within two years, or by January 2003.  However, plaintiff did not file this action until November 2006, almost four years too late.  Even if the Court determined that the period between the filing (January 5, 2001)

- 4 -

and dismissal (December 7, 2001)of the claim in the first action tolled the statute of limitations, the clock would have started running again after the dismissal, and Plaintiff would have had to file the claim by December 2003.  *See generally Savory*, 469 F.3d at 673-74.  Therefore, since plaintiff's complaint was not filed within the statute of limitations period, his claim does not survive review under 28 U.S.C. § 1915A.

Accordingly, this action is **DISMISSED with prejudice**.  Plaintiff should consider his complaint dismissed as frivolous within the meaning of 28 U.S.C. § 1915A(b)(1).  Therefore, plaintiff is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  *See Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.").  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:  January 8, 2007**


/s/  David  RHerndon
**DISTRICT JUDGE**

- 5 -