## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEE ANDREW PAIGE, Inmate #B82276,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-902-DRH** |
| ) | |
| **MEARL J. JUSTUS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This action was dismissed on January 8, 2007, pursuant to 28 U.S.C. § 1915A, because it was filed almost four years after the applicable statute of limitations had run. Currently pending before the Court are Plaintiff's motions to set aside judgment and reopen the case (Doc. 13), for investigation of the complaint (Doc. 14), and motion in support of the motion for investigation (Doc. 15). The Court construes each of these motions as a motion for reconsideration of the Court's order and judgment dismissing the case.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the

motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on January 8, 2007, and Plaintiff placed the instant motions in the institutional mail on January 22 and 23, 2007. Giving Plaintiff the benefit of the doubt as to time for mailing, the Court finds that each of the motions were filed within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe each of these motions as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915 was correct. Therefore, the instant motions (Docs. 13, 14, and 15) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** February 5, 2007.

/s/   David   RHerndon
**DISTRICT JUDGE**