IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE ANDREW PAIGE, Inmate #B82276, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MEARL J. JUSTUS, *et al.*, )<br>)<br>Defendants. ) | CIVIL NO. 06-902-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This action was dismissed on January 8, 2007, pursuant to 28 U.S.C. § 1915A, because it was filed almost four years after the applicable statute of limitations had run. Currently pending before the Court is Plaintiff's motion for an investigation (Doc. 17). In this motion, Plaintiff asks that the Court investigate the alleged misconduct of Plaintiff's court-appointed attorney in another action in this district, *Paige v. Cobb*, Case No. 01-cv-14 (S.D. Illinois, filed January 5, 2001). Plaintiff states that this attorney failed to procure certain records and witness testimony that are applicable to the case at bar.

Because Plaintiff did not raise this issue in his pleadings, Plaintiff's motion most closely resembles an attempt to amend the complaint after judgment has been entered. A plaintiff may amend the pleadings after the entry of judgment, however, "the presumption in favor of liberality in granting motions to amend [under Rule 15(a)] is reversed after judgment has been entered." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002), *quoting Vicom Inc. v. Harbridge Merchant Services Inc.*, 20 F.3d 771, 785 n. 13 (7th Cir. 1994). Where a plaintiff wishes to amend

his complaint after judgment, he may do so only after the judgment has been vacated or set aside pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b) and the case has been reopened. *See Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997). Failure to seek vacation of the judgment is grounds for denying the request for post-judgment amendment. *Id., citing Diersen v. Chicago Car Exchange*, 110 F.3d 481, 488 n.6 (7th Cir. 1997). Plaintiff has not filed a motion to set aside the judgment, nor has he filed a motion to amend the complaint in accordance with the local rules.[1]

The Court also notes, however, that leave to amend will be denied where amendment would be futile. *See Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile").

Plaintiff does not explain why he has filed a motion in this action alleging misconduct by his attorney in a different action in this district. Challenges to the judgment of another action should be brought in that action. To the extent Plaintiff is attempting to bring a legal malpractice claim against that attorney, the claim fails. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice, because such an attorney does not act "under color of state law." *Id.* at 324-25. *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995).

A *Bivens*-type action is the analogue to a § 1983 action for claims against persons acting under color of federal law. It is now well-settled that an indigent may not sue his attorney for legal malpractice in a *Bivens*-type civil rights suit, even if that attorney was appointed by a federal court

---

[1]The original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material shall be underlined. Local Rule 15.1; *see* FED.R.CIV.P. 15.

or even paid for his services by the federal government. *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("By analogy [to *Polk County v. Dodson*], an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (district court has no jurisdiction over malpractice claim against federal public defender in *Bivens*-type suit). Plaintiff's malpractice claim against Defendant is therefore frivolous as a civil rights claim. Legal malpractice claims belong in state court; this Court expresses no opinion on the merits of such a claim.

Therefore, based on the foregoing, this motion (Doc. 17) is **DISMISSED**.

**IT IS SO ORDERED.**

**DATED:  March 9, 2007**

/s/   David   RHerndon
**DISTRICT JUDGE**