IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEE ANDREW PAIGE, Inmate #B82276,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-902-DRH** |
| ) | |
| **MEARL J. JUSTUS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

In January 2001, Plaintiff filed an action in this Court, *Paige v. Cobb*, Case No. 01-cv-14 (S.D. Illinois, filed January 5, 2001), in which he made two claims against employees of the St. Clair County Jail, one for unconstitutional use of excessive force, and one for deliberate indifference to his serious medical needs in the care of a spider bite he received at the jail. After the Court's threshold review of the action pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on his excessive force claim, but the spider-bite claim was dismissed without prejudice because Plaintiff had failed to name any defendants associated with the claim. After discovery, a trial was held on the excessive force claim in September 2004, and a jury found in favor of the defendants and against Plaintiff. Plaintiff appealed, but the appeal was dismissed in July 2005 as untimely.

This action was filed on November 8, 2006. Plaintiff brought only one claim in his complaint, namely, for deliberate indifference to his serious medical needs in treatment of the spider bite that he received at the St. Clair County Jail in 2000. The Court dismissed the action on January 8, 2007, pursuant to 28 U.S.C. § 1915A, because it was filed almost four years after the applicable

statute of limitations had run.

Plaintiff has since filed four post-judgment motions, seeking to set aside the judgment (Doc. 13), and for "investigations" of the complaint (Docs. 14, 15, and 17). The Court construed each of these motions as either motions for reconsideration (Docs. 13, 14, and 15), or for leave to amend the complaint after judgment (Doc. 17), and denied each motion. In the third motion for investigation (Doc. 17), Plaintiff also attempted to bring claims regarding alleged misconduct by his attorney in *Paige v. Cobb*. The Court informed Plaintiff that any legal malpractice claims must be brought in state court, and that if he had any recourse in the prior action, his claims must be brought in that action, not this one.

Currently pending before the Court is Plaintiff's fourth motion for "investigation" (Doc. 19). In this motion Plaintiff continues to cite instances of the legal mistakes of his attorney in *Paige v. Cobb*. He argues specifically that his attorney failed to seek to amend his complaint to name the defendants responsible for the mistreatment of his spider bite. He argues that the spider-bite claim should have been litigated in *Paige v. Cobb*, but for the incompetence of his attorney in failing to file an amended complaint. Plaintiff also states that he attempted to file an amended complaint on his own in *Paige v. Cobb* in April 2002, but the complaint was never filed by the clerk of the court. Plaintiff argues that this Court was in error to have denied his prior motions in this action, and that his allegations are meritorious. He requests that the Chief United States District Judge of this district review the action to expose the mistakes of the undersigned.

Based on the over 70 pages filed with this motion, the Court believes Plaintiff raises the following claims: 1) that his attorney made errors in the handling of *Paige v. Cobb*; 2) that he attempted to amend the complaint in *Paige v. Cobb*, but the court did not file that amendment; and

3) that the Chief Judge of this District should examine the rulings of the undersigned District Judge in this case.

### ATTORNEY MISCONDUCT

The Court clearly stated in its order denying the third motion for investigation (Doc. 18), that Plaintiff could not bring claims alleging attorney malpractice in a federal action pursuant to 42 U.S.C. § 1983, even where the attorney was appointed by the Court, and noted that legal malpractice claims belong in state court. Yet, Plaintiff has now filed another motion making the same requests.

The Court now states, unequivocally, that Plaintiff cannot bring a complaint against his attorney in another action in this court, in this action. In fact, he cannot bring such a claim in any new federal case at all.[1] Furthermore, this Court does not undertake independent "investigations" of attorney misconduct. Legal malpractice is a state court matter, exclusively. The Court expresses no opinion on the merits of such claim.

### ATTEMPT TO AMEND THE COMPLAINT IN *PAIGE V. COBB*

Plaintiff states that he attempted to amend the complaint in *Paige v. Cobb* in April 2002, but some error occurred, and his amended complaint was never filed. Allegations of error in a case must be brought in that case in the district court, or on appeal. Trial was not held in *Paige v. Cobb* until September 2004, and the Seventh Circuit's mandate dismissing the appeal was not returned to the Court until July 18, 2005. Plaintiff should have been aware that his amended complaint was never

---

[1] It is well-settled that an indigent may not sue his attorney for legal malpractice in a federal civil rights suit, even if that attorney was appointed by a federal court or even paid for his services by the federal government. *See Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("By analogy [to *Polk County v. Dodson*, 454 U.S. 312 (1981)], an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (district court has no jurisdiction over malpractice claim against federal public defender in *Bivens*-type suit).

filed, and should have raised this issue in that case during the over-three-year pendency of the case. Plaintiff cannot attempt to bring an allegation of error in a prior case in a new case, particularly one filed four years after the alleged original error.

### REVIEW OF THE ACTION BY THE CHIEF JUDGE

As for Plaintiff's request that another judge in the district investigate the allegations, the Court construes that request as a motion for disqualification or recusal of the judge assigned to the case.

Under 28 U.S.C. § 455, recusal is required when a judge or a family member has a stake in a case before him, or when the judge has a conflict of interest or may be biased. In relevant part, the statute provides:

> (a) Any justice, judge, or magistrate of the Untied States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of the disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455(a), (b)(2).

> The phrase "personal bias or prejudice" echoes the language of [28 U.S.C.] § 144, and there is authority that the phrase has the same meaning in both statutes. *E.g. United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978).  We see no reason to doubt this; consequently, we shall view judicial interpretations of "personal bias or prejudice" under § 144 as equally applicable to § 455(b)(1). In particular, we think that the interpretation of "personal" as meaning "extrajudicial" applies equally to § 455(b)(1). *Accord In re International Business Machines Corp.*, 618 F.2d 923, 928 (2d Cir. 1980).

*United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).

> The disqualification of a judge for actual bias or prejudice is a serious matter, and it should be required only when the bias or prejudice is proved by compelling evidence. Accordingly, we think the appropriate standard of proof is the same as for

- 4 -

§ 144: whether a reasonable person would be convinced that the judge is biased.

*Id. See also O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 987-89 (7th Cir. 2001); *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.); *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis.*, 991 F.2d 1249, 1255 (7th Cir. 1993); *United States v. Hanhardt*, 134 F.Supp.2d 972, 975 (N.D.Ill. 2001) ("trivial risks of perceived partiality are not enough to mandate recusal").

Plaintiff makes no allegations that the undersigned or any member of his family has a stake in the case, that the undersigned has any other conflict of interest, or that he is biased against the Plaintiff. Plaintiff's only stated ground for disqualification is Plaintiff's unhappiness with the dismissal of the action, and the denial of the post-judgment motions. These are insufficient grounds for disqualification.

Accordingly, based on all the foregoing, the fourth motion for "investigation" (Doc. 19) is **DENIED**.

Furthermore, Plaintiff must cease filing motions in this action. **This case is CLOSED**. If Plaintiff is unhappy with the decisions of the Court, he may file an appeal.

**IT IS SO ORDERED.**

**DATED: March 22, 2007**

/s/   David   RHerndon
**DISTRICT JUDGE**